Smyth *v.* Barbee.

A. M. SMYTH *et al v.* H. P. BARBEE *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Bill by sureties in replevin bond, after judgment.* A bill will not lie by the sureties in a replevy bond, after a judgment on the bond in the suit in which it was given, valid on its face, merely upon the ground that the interest of the principal in the goods replevied was that of a partner in a firm insolvent at the time of the attachment, the bill not being good as a bill of review, nor as an original bill to impeach the judgment for fraud.

FROM WEAKLEY.

Appeal from the Chancery Court at Dresden. JOHN SOMERS, Ch.

M. D. CARDWELL and H. H. BARR for complainants.

ROGERS & EDWARDS for defendants.

COOPER, J., delivered the opinion of the court.

On September 2, 1870, the defendant, H. P. Barbee, filed his bill against James H. Leigh, for a partnership account between them, and claimed a balance due to him of about $180. In the progress of the cause, Barbee sued out an attachment against the estate of Leigh, which was levied "on the goods, wares and merchandise now in a store house, known as the store house of Leigh and Phelps, in the town of Gleason, as the property of the defendant, James H. Leigh." Leigh replevied the goods by giving a bond,

with the present complainants, Smyth and others, as his sureties, in the penalty of $500, "conditioned to deliver up said property to the said Andrew Corson (the deputy sheriff who made the levy), or any other officer of said county legally authorized to receive it, whenever requested to do so by any decree or order of said chancery court." Such proceedings were had in the cause that, on January 22, 1873, a decree was rendered in favor of Barbee against Leigh for $167.96, and costs, and the court, by said decree, after reciting the issuance of the attachment, the levy upon the goods, and the execution of the replevy bond as aforesaid, ordered James H. Leigh to deliver to the clerk and master of the court, within thirty days, the property so levied on, and, in default thereof, ordered, adjudged and decreed, that complainant recover of the defendant, and the sureties on the bond, naming them, the said sum of $167.96, and the costs of the suit.

No appeal was taken from this decree, and the same remains in full force. On March 20, 1873, the sureties of Leigh, on his replevy bond, against whom the judgment was rendered on the bond, filed this bill to enjoin the execution of the judgment. The substance of the bill is, that the property levied upon was the property of the firm of Leigh & Phelps, not of Leigh alone; that the interest of Leigh was only what would remain after paying the partnership debts; and that nothing would remain. There is evidence tending to show these facts, but the business continued to be conducted by Leigh for a year after the levy, and then his stock of goods on hand was sent by him to Arkansas.

Smyth *v.* Barbee.

The judgment rendered on the replevy bond was justified by the facts as recited by the decree, under our statutes, in relation to such bonds, the goods replevied having been attached as the property of the principal: *Kuhn* v. *Spellacy*, 3 Lea, 278. A bill of review would not, therefore, lie for error apparent: *Ward* v. *Kent*, 6 Lea, 128. Nor is any error of law pointed out, as is absolutely required, to sustain such a bill: *Brown* v. *Severson*, 12 Heis., 381. The bill does say that "errors of fact" were committed, but without pointing out the errors. Nor does it state any new matter which could not, with ordinary diligence, have been then had: *Burson* v. *Dosser*, 1 Heis., 754. An original bill to retry the cause, cannot, of course, be entertained, in the absence of fraud, however erroneous the decree may in reality be: *Frazer* v, *Sypert*, 5 Sneed, 103; *Rodgers* v. *Dibrell*, 6 Lea, 76. Moreover, want of title in the attachment debtor to the property replevied is no defense to judgment on the bond: *Stephens* v. *Greene County Iron Company*, 11 Heis., 715. Nor, *a fortiori*, a possible want of interest as the result of a partnership account. The replevy is an admission of interest sufficient to sustain the bond, the principal's title being conceded.

The chancellor's decree on the original bill will be reversed, and the bill dismissed with costs. But the appellant, Barbee, will pay the costs of his cross-bill, as ordered. by the chancellor, and the costs of so much of the transcript of this court as consists of the record of the suit of Barbee v. Leigh.